UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROY D. MORAGA,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:18-cv-00330-LRH-WGC

**ORDER**

In this case, on July 10, 2018, Roy D. Moraga, who is apparently a prisoner at the Northern Nevada Correctional Center, filed a document entitled "Motion Pursuant to Federal Rule of Civil Procedure 60(B)(6), (D)(3)" (ECF No. 1-1). That document asserts claims for relief from his state court conviction.

Moraga did not pay the filing fee for this action, and he did not file an application to proceed *in forma pauperis*. The Court will summarily dismiss this action for that reason.

Moreover, Moraga's filing is in effect a successive habeas petition, and it is subject to dismissal on that ground as well. The Court takes judicial notice of the proceedings in the following cases in this Court: Case No. 3:99-cv-00507-DWH-RAM; Case No. 3:03-cv-00220-LRH-RAM (relief denied on the merits of Moraga's claims); Case No. 3:14-cv-00230-LRH-VPC (dismissed as successive); and Case No. 3:16-cv-00532-RCJ-WGC (dismissed as successive). Federal Rule of Civil Procedure 60(b) applies in habeas corpus actions, but only in conformity with the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), including the limits on successive federal petitions set forth

1

at 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). If a Rule 60(b) motion seeks to add a new ground for relief, it is, in substance, a successive habeas petition subject to the requirements of section 2244(b). *Id.* at 531; *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) ("[S]tate prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254."). The AEDPA generally limits a petitioner to one federal habeas corpus action, and precludes a second or successive habeas petition unless certain requirements are met. *See Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013); 28 U.S.C. § 2244(b). Before bringing a second or successive petition in the district court, the petitioner is required to obtain from the court of appeals "an order authorizing the district court to consider the [second or successive petition.]" *See* 28 U.S.C. § 2244(b)(3)(A). There is no "bright-line rule for distinguishing between a bona fide Rule 60(b) motion and a disguised second or successive [habeas petition]." *Jones*, 733 F.3d at 834 (quoting *United States v. Washington*, 653 F.3d 1057, 1060 (2011)). However, in *Gonzalez,* the Supreme Court instructed that a Rule 60(b) motion is proper where it "attacks ... some defect in the integrity of the federal habeas proceedings," while a disguised successive habeas petition is a filing that "contains one or more claims, defined as asserted federal bas[e]s for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530 (internal quotation marks omitted). The *Gonzalez* Court specifically instructed that a Rule 60(b) motion is, in substance, a successive petition, subject to section 2244(b), if it asserts that, because of "excusable neglect," the prior federal petition omitted a claim of constitutional error, and seeks leave to present that claim. *See Gonzalez*, 545 U.S. at 531 (citing *Harris v. United States*, 367 F.3d 74, 80-81 (2nd Cir. 2004). Moraga's motion is subject to the requirements of 28 U.S.C. § 2244(b), and he makes no allegation or showing that he has obtained, from the Ninth Circuit Court of Appeals, an order authorizing a successive habeas petition.

///

///

**IT IS THEREFORE ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that the petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED this 12th day of July, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE